IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02551-WYD-MJW

SCOTT MORRISON,

    Plaintiff,

vs.

UNITED OF OMAHA LIFE INSURANCE COMPANY,

    Defendant.

## STIPULATED PROTECTIVE ORDER (Docket No. 25-1)

It is hereby agreed and stipulated by Plaintiff Scott Morrison and Defendant United of Omaha Life Insurance Company through their respective counsel, that the following provisions and conditions shall govern the parties:

1. Plaintiff is seeking production of certain documents and information which contain sensitive, non-public information including, but not limited to, financial, business and employment information ("Confidential Information") of Defendant. In accordance with the standards of a blanket protective order as set forth in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D, 382 (D. Colo. 2000), a party may designate documents or information which they believe in good faith is or contains Confidential Information by designating that document or information as "CONFIDENTIAL". This Protective Order ("Order") shall pertain to those documents produced and information provided by any party and designated "CONFIDENTIAL" in response to any party's discovery requests. The term "Disclosing Party" shall refer to the party producing "CONFIDENTIAL" documents and/or information and the term "Non-

Disclosing Party" shall refer to the party to whom "CONFIDENTIAL" documents and/or information have been produced.

2. Unless otherwise ordered by the Court, all documents or information that are designated "CONFIDENTIAL" shall be available only for examination by the parties, counsel for the parties, witnesses, experts, and consultants retained by counsel to assist in the prosecution, defense or settlement of this matter. Before any third party witnesses, experts, or consultants receive access to such "CONFIDENTIAL" discovery, they shall agree in writing to be bound by this Order. Specifically, the Non-Disclosing Party shall obtain an agreement in writing, as per the form attached as Exhibit "A," from the witness, expert, or consultant reciting that he or she has read a copy of this Order and agrees to be bound by its provisions. A copy of all agreements executed by such persons shall be furnished to counsel of record for the Disclosing Party.

3. No "CONFIDENTIAL" discovery shall be used or communicated by any person receiving it for any purpose whatsoever other than prosecution, defense or settlement of this matter.

4. There shall be no reproduction whatsoever of any "CONFIDENTIAL" discovery except that, as required in this litigation, copies, excerpts or summaries may be shown or given to those authorized to receive discovery materials pursuant to this Order.

5. When producing documents of any kind which contain Confidential Information, the parties shall mark such documents as "CONFIDENTIAL."

6. In responding to written discovery directed to them, any party may designate any portion of his/its responses which contains Confidential Information as "CONFIDENTIAL."

7. Documents or information designated by any of the parties in accordance with this Order which are marked as "CONFIDENTIAL" and required to be filed with the Court shall be sealed by the Clerk of Court upon Court order and shall be available for inspection only by the Court and by those persons authorized by this Order to review such Confidential Information. [consistent with paragraph 9 below]

8. If the Non-Disclosing Party objects to the designation by the Disclosing Party of a document and/or pleading as "CONFIDENTIAL," he/it shall give notice of same to the Disclosing Party in writing of the document and/or pleading at issue and the reason for the objection. The Disclosing Party shall thereafter have twenty (20) business days within which to apply to the Court for appropriate protection of the document and/or pleading pursuant to the Federal Rules of Civil Procedure. If the Disclosing Party does not make application within twenty (20) business days after receipt of the written objection of the Non-Disclosing Party, then the documents and/or pleadings at issue shall no longer be deemed "CONFIDENTIAL." However, until expiration of the twenty (20) day time period or until the Court enters an order changing the designation, the information shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Order.

9. Information designated as "CONFIDENTIAL" may be referred to by the Non-Disclosing Party in notices, motions, briefs, or any other pleadings. However, no such information shall be used for any of these purposes unless it, or the portion where it is revealed, is appropriately marked and separately filed under the seal with the Court. Specifically, to the extent that any such filing with the Court is necessary, any such Confidential Information shall be filed separately under seal, with a copy of this Order attached thereto, in compliance with D.C.COLO.LCivR 7.2 ~~and 7.3~~.

-3-

10. Nothing in this Order shall prevent any party or non-party from seeking a modification of the Order or objecting to discovery which it believes to be otherwise improper.

DATED this 2nd day of ~~May~~ June, 2010.

*Michael J. Watanabe* (signature)
Michael J. Watanabe
**UNITED STATES MAGISTRATE JUDGE**

**SUBMITTED BY:**

*s/ Michael S. Krieger*
Michael S. Krieger, Esq.
Michael S. Krieger, LLC
165 S. Union Blvd., #555
Lakewood, CO 80228
Tel: (303) 781-5559
m.krieger@comcast.net

ATTORNEYS FOR PLAINTIFF

*s/ Emily Hobbs-Wright*
Emily Hobbs-Wright
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80201-8749
Phone: (303) 295-8584
Fax: (303) 295-6505
ehobbswright@hollandhart.com

Michael S. Beaver
HOLLAND & HART LLP
6380 S. Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
Phone: (303) 290-1600
Fax: (303) 290-1606
mbeaver@hollandhart.com

ATTORNEYS FOR DEFENDANT

4829636_1.DOC